**MARK BRNOVICH**
**ATTORNEY GENERAL**
(Firm State Bar No. 14000)

Joseph A. Kanefield (No. 15838)
Brunn (Beau) W. Roysden III (No. 28698)
Drew C. Ensign (No. 25463)
Robert J. Makar (No. 33579)
2005 N. Central Ave
Phoenix, AZ 85004-1592
Phone: (602) 542-8958
Joe.Kanefield@azag.gov
Beau.Roysden@azag.gov
Drew.Ensign@azag.gov
Robert.Makar@azag.gov
*Attorneys for Plaintiff State of Arizona*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| STATE OF ARIZONA,<br><br>   Plaintiff,<br>v.<br>JANET YELLEN, in her official capacity as Secretary of the Treasury, et al.;<br><br>   Defendants. | No. 2:21-cv-00514-DJH<br><br>**MOTION FOR CONSOLIDATION UNDER RULE 65(A)(2)** |

# MOTION

The State of Arizona ("State") respectfully moves for consolidation of trial on the merits with the upcoming June 22 hearing on the State's motion for a preliminary injunction (Doc. 11). Good cause supports this request for four reasons.[1]

*First*, consolidation will serve the interests of judicial economy. The issues presented here are almost exclusively legal and no facts appear to be genuinely contested. Moreover, the issues for preliminary and permanent injunctive relief are nearly identical: "The standard for a preliminary injunction is essentially the same as for a permanent injunction with the exception that the plaintiff must show a likelihood of success on the merits rather than actual success." *Amoco Prod. Co. v. Village of Gambell, AK*, 480 U.S. 531, 546, n.12 (1987).

Conversely, a second round of briefing and hearings would needlessly waste the resources of the parties and this Court. If this Court wishes to have supplemental briefing on particular issues following the June 22 hearing, the State would be happy to submit such briefing. But simple repetition of existing arguments for permanent injunctive relief is completely avoidable, and should be avoided here.

*Second*, no actual trial should be required here so the granting this motion would merely consolidate consideration of all legal issues into a single hearing. None of the material factual issues appear to be disputed. Indeed, Federal Defendants did not submit even a scintilla of evidence in connection with their opposition to the State's preliminary injunction motion, *see* Doc. 31—not one declaration, document, or other piece of evidence. It is thus far from clear that the Federal Defendants have even preserved the right to present live testimony and trial evidence without making the slightest evidentiary proffer in opposing the State's motion for a preliminary injunction.

*Third*, the unfolding of the *Ohio v. Yellen* litigation demonstrates the wisdom of consolidation here. Without such consolidation, the parties filed a total of four separate briefs totaling nearly 100 pages regarding permanent injunctive relief—which

---

[1] Federal Defendants have indicated that they "will file a response [the State's] your motion after [the State has] filed it with the Court."

1

substantially overlapped with the prior preliminary injunction briefing. Such duplicative briefing should be avoided here.

Moreover, the Federal Defendants specifically *consented* to resolution of *permanent* injunctive relief issues on the briefs alone. As set forth in the *Ohio* court's May 12 minute order:

> "The parties agreed to a briefing schedule. Plaintiff to file Motion for Permanent Injunction of not more than 30 pages by 5/19/21; Defendants to file their combined Response to the Motion for Permanent Injunction and Motion to Dismiss of not more than 30 pages by 6/2/21; Plaintiff to file their combined Reply in Support of the Motion for Permanent Injunction and Response to the Motion to Dismiss of not more than 20 pages by 6/7/21; Defendants to file their Reply in Support of the Motion to Dismiss of not more than 20 pages by 6/11/21."

There is no reason why the resolution of permanent injunctive relief on briefs alone that the Federal Defendants agreed to in *Ohio v. Yellen* is any less appropriate here in this case, which presents virtually identical issues.

*Fourth*, consolidation under Rule 65(a)(2) would obviate any need to resolve issues of the relative effectiveness of preliminary injunctive relief relative to permanent relief, which this Court identified in its June 11 Order, and which the *Ohio* court found significant in its May 12 order and opinion. Consolidation would thus simplify the issues presented, obviate the need for repetitive briefing, and prejudice no one.

## CONCLUSION

For the foregoing reasons, the State's motion under Rule 65(a)(2) to consolidate trial on the merits with the June 22 preliminary injunction hearing should be granted.

RESPECTFULLY SUBMITTED this 15th day of June, 2021.

                **MARK BRNOVICH**
                **ATTORNEY GENERAL**

                By <u>s/ Drew C. Ensign</u>
                    Joseph A. Kanefield (No. 15838)
                    Brunn W. Roysden III (No. 28698)
                    Drew C. Ensign (No. 25463)
                    Robert J. Makar (No. 33579)

                  *Attorneys for Plaintiff Arizona*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 15th day of June, 2021, I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the District of Arizona using the CM/ECF filing system. Counsel for all parties are registered CM/ECF users and will be served by the CM/ECF system pursuant to the notice of electronic filing.

 s/ Drew C. Ensign
*Attorney for the State of Arizona*