BRIAN M. BOYNTON
Acting Assistant Attorney General
BRIAN D. NETTER
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
MICHAEL P. CLENDENEN
STEPHEN EHRLICH
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
100 L Street, NW
Washington, DC 20005
Tel.: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona,<br><br>            Plaintiff,<br><br>            v.<br><br>Janet Yellen, in her official capacity as Secretary of the Treasury, *et al.*,<br><br>            Defendants. | Case No. 2:21-cv-00514-DJH<br><br>    Related case: 2:22-cv-00112-SPL<br><br>**MOTION TO TRANSFER** |

1    Defendants Janet Yellen (in her official capacity Secretary of the Treasury),

2 Richard K. Delmar (in his official capacity as Acting Inspector General of the De-

3 partment of Treasury), and the U.S. Department of Treasury respectfully request

4 the Court enter an order transferring *Ducey v. Yellen*, 2:22-cv-00112, to the Hon-

5 orable Diane J. Humetewa under Local Rule 42.1 because it is related to a previ-

6 ously filed case (*Arizona v. Yellen*, 2:21-cv-00514-DJH) also arising under the

7 American Rescue Plan Act ("Rescue Plan" or "Act").

8    On March 11, 2021, Congress enacted the Rescue Plan.  *See* Pub. L. No. 117-

9 2, § 9901(a) (codified at 42 U.S.C. §§ 802–805).  The Act establishes a "Coronavirus

10 State Fiscal Recovery Fund," allocating nearly $200 billion for the States and the

11 District of Columbia to "mitigate the fiscal effects" of the pandemic. 42 U.S.C.

12 § 802(a)(1); *id.* § 802(b)(3)(A).  Congress gave States considerable flexibility to use

13 these new federal funds, which may be directed to a broad variety of state efforts

14 to respond to the pandemic and to its economic effects, including by funding state-

15 level government services and by providing assistance to households, small busi-

16 nesses, and industries.  *Id.* § 802(c).  To ensure that the new federal funds would

17 be used for the broad categories of state expenditures it identified, Congress spec-

18 ified that States cannot use the federal funds to offset a reduction in net tax reve-

19 nue resulting from changes in state law.  *Id.* § 802(c)(2)(A) (the "offset provision").

20    Both *Ducey v. Yellen* and *Arizona v. Yellen* should be related and *Ducey v.*

21 *Yellen* should be transferred to Judge Humetewa under Local Rule 42.1.  That rule

22 provides for case transfer when two or more cases "(1) arise from substantially

23 the same transaction or event"; "(2) involve substantially the same parties or

24 property"; "(3) involve the same patent, trademark, or copyright"; "(4) call for

25 determination of substantially the same questions of law"; or "(5) for any other

26 reason would entail substantial duplication of labor if heard by different Judges."

27 LRCiv 42.1(a).  Here, both cases involve substantially the same parties, arise from

28

1   the Rescue Plan, call for a determination of similar legal issues, and would ad-

2   vance judicial economy if they were related.

3       For starters, both *Ducey v. Yellen* and *Arizona v. Yellen* "involve substantially

4   the same parties." LRCiv 42.1(a). The defendants in both cases—the Secretary of

5   the Treasury, the Acting Inspector General of the Treasury Department, and the

6   Treasury Department itself—are identical. *See* Ex. 1, Arizona Compl. ¶¶ 15–17;

7   Ex. 2, Ducey Compl. ¶¶ 12–14. And while the plaintiff in both cases is not iden-

8   tical—the State of Arizona and the Governor of Arizona—they both represent

9   Arizona in an official and sovereign capacity. *See Grand Canyon Skywalk Dev., LLC*

10  *v. Sa Nyu Wa, Inc.*, 2012 WL 6101901, at *3 (D. Ariz. Nov. 21, 2012) (finding sub-

11  stantially the same parties, despite an additional twelve Tribal Council defend-

12  ants in one case, because "the pleadings largely treat the council members as

13  surrogates for the Tribe or Tribal Council"). So the two cases "involve substan-

14  tially the same parties" and should be related for that reason alone.[1]

15      But the overlap does not stop there. Both cases stem from the Rescue Plan

16  and involve similar legal issues, so they both "arise from substantially the same

17  transaction or event" and "call for determination of substantially the same ques-

18  tions of law." LRCiv 42.1(a). The previously filed case, *Arizona v. Yellen*, asked

19  the Court to interpret the Rescue Plan's permissible and impermissible uses in 42

20  U.S.C. § 802(c) and determine whether (a) Arizona had standing to raise a chal-

21  lenge to that section, and (b) if so, whether the offset provision violated the

22  Spending Clause. *See Arizona v. Yellen*, --- F. Supp. 3d ---, 2021 WL 3089103 (D.

23

24

25      [1] Because the triggering conditions in Local Rule 42.1(a) are enumerated in
26  a list where the last condition is preceded by an "or," the conditions are consid-
    ered disjunctive and the satisfaction of any one condition would be enough to
27  relate two cases. *See United States v. Woods*, 571 U.S. 31, 45 (2013) (explaining that
    when "the operative terms are connected by the conjunction 'or,'" as in Local Rule
28  42.1, "its ordinary use is almost always disjunctive"); *cf. Rose v. U.S. Postal Service*,
    774 F.2d 1355, 1360–61 n. 14 (9th Cir. 1984) (finding disjunctive a statute contain-
    ing a list of offenses whose last two items are separated by an "or").

1    Ariz. July 22, 2021).  Similarly, *Ducey v. Yellen* asks the Court to interpret the Res-

2    cue Plan's permissible and impermissible uses in 42 U.S.C. § 802(c) and determine

3    whether (a) the Governor has standing to raise a challenge under that section, and

4    (b) if so, whether Treasury had the authority to issue, and potentially enforce,

5    regulations about those uses, including under the Spending Clause.  *See* Ex. 2,

6    Ducey Compl. ¶¶ 72–105.  So both cases "arise from substantially the same . . .

7    event"—the Rescue Plan—and "call for determination of substantially the same

8    questions of law."  LRCiv 42.1(a).

9          With such a substantial overlap in parties and legal issues, there can be little

10   doubt that relating these two cases under *Arizona v. Yellen* will advance judicial

11   economy.  Judge Humetewa is intimately familiar with the Rescue Plan, Treas-

12   ury's authority under that statutory scheme, and attendant standing and Spend-

13   ing Clause issues in this context.  *See, e.g.*, *Arizona v. Yellen*, 2021 WL 3089103, at

14   *2–6; *id.* at *4 (analyzing whether "it is within the Secretary's power, under ARPA,

15   to request that Arizona identify funds used to offset tax changes, which is one of

16   ARPA's conditions").  There is no reason for Judge Logan to engage in a "dupli-

17   cation of labor" to do the same.  LRCiv 42.1(a)(5); *Garcia v. Army*, 2015 WL

18   5646640, at *2 (D. Ariz. Sept. 25, 2015) (granting motion to transfer where the

19   judge "ha[d] developed familiarity with the issues involved in the cases").  Nor

20   is there any reason to risk inconsistent rulings between the two cases.  *See Caron*

21   *v. Caesars Ent. Corp.*, 2020 WL 1323105, at *2 (D. Ariz. Mar. 20, 2020) (granting

22   motion to transfer where "transfer and consolidation will avoid the potential of

23   inconsistent outcomes").  Defendants therefore respectfully request that *Ducey v.*

24   *Yellen* be transferred to Judge Humetewa as a related case to *Arizona v. Yellen*.

25

26

27

28

DATED: February 1, 2022          Respectfully submitted,

BRIAN M. BOYNTON
Acting Assistant Attorney General

BRIAN D. NETTER
Deputy Assistant Attorney General

ALEXANDER K. HAAS
Director, Federal Programs Branch

BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch

*/s/ Stephen Ehrlich*
MICHAEL P. CLENDENEN
STEPHEN EHRLICH
Trial Attorneys
Civil Division, Federal Programs Branch
U.S. Department of Justice
1100 L Street, NW
Washington, DC 20005
Phone: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Counsel for Defendants*