BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
BRIAN D. NETTER
Deputy Assistant Attorney General
ALEXANDER K. HAAS
Director, Federal Programs Branch
BRIGHAM J. BOWEN
Assistant Director, Federal Programs Branch
MICHAEL P. CLENDENEN
STEPHEN EHRLICH
Trial Attorneys
U.S. Department of Justice
Civil Division, Federal Programs Branch
100 L Street, NW
Washington, DC 20005
Tel.: (202) 305-9803
Email: stephen.ehrlich@usdoj.gov

*Counsel for Defendants*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| State of Arizona,<br><br>Plaintiff,<br><br>v.<br><br>Janet Yellen, in her official capacity as Secretary of the Treasury, *et al.*,<br><br>Defendants. | Case No. 2:21-cv-00514-DJH<br><br>Related case: 2:22-cv-00112-SPL<br><br>**DEFENDANTS' REPLY IN FURTHER SUPPORT OF THEIR MOTION TO TRANSFER** |

Defendants previously moved for an order transferring *Ducey v. Yellen*, 2:22-cv-00112, to the Honorable Diane J. Humetewa under Local Rule 42.1 because it is related to *Arizona v. Yellen*, 2:21-cv-00514-DJH.  In that motion, Defendants explained that both cases involve substantially the same parties, arise from the American Rescue Plan Act ("Rescue Plan" or "Act"), call for a determination of similar legal issues, and would advance judicial economy if they were related. Defs.' Mot. at 1–3, ECF No. 68.  In response, Plaintiff resorts to ad hominem attacks, claiming that Defendants' routine procedural motion somehow "is illustrative of Defendants' willingness to outright ignore plain language of ARPA and now the local procedural rules of this Court."  Pl.'s Opp'n at 1, 10, ECF No. 69.

Stripped of its rhetoric and aspersions, Plaintiff's opposition to transfer is little more than an attempt to prematurely argue the underlying legal issues of this case.  Defendants are happy to argue those legal issues at the appropriate time and are confident they should prevail before either Judge Humetewa or Judge Logan.  But the issue in this motion is simply whether it is more efficient for Judge Humetewa—who has already handled one case arising out of the Rescue Plan and is familiar with its contours and enforcement regime—to handle *Ducey v. Yellen*.  Under Local Rule 42.1, the answer is yes.

**I.   RULE 42.1 APPLIES BECAUSE BOTH *DUCEY V. YELLEN* AND *ARIZONA V. YELLEN* ARE "PENDING" CASES.**

Invectives aside, Plaintiff's first argument regarding transfer is that Local Rule 42.1 does not apply because that rule "limits transfers to when 'two or more cases are *pending* before different Judges,'" and *Arizona v. Yellen* is not "pending" because it is now on appeal.  Pl.'s Oppn at 1 (quoting LRCiv 42.1(a)).  Plaintiff cites nothing for that interpretation of "pending," which is unsurprising because courts have long held that "pending" cases include those on appeal.  *See Eikenberry v. Callahan*, 653 F.2d 632, 635 (D.C. Cir. 1981) ("The ordinary meaning of 'pending' includes cases pending on appeal."); *Carrera v. First Am. Home Buyers*

*Prot. Co.*, 2012 WL 13012698, at *3 (C.D. Cal. Jan. 24, 2012) (collecting cases for the proposition that a case is "pending" for purposes of the first-to-file rule even when pending on appeal). So *Arizona v. Yellen* is still "pending" under Local Rule 42.1 and *Ducey v. Yellen* may be straightforwardly transferred to Judge Humetewa.

II.   **THE RULE 42.1 FACTORS FAVOR TRANSFER.**

As for the Rule 42.1 factors, Plaintiff attempts to obfuscate the relevant inquiry with unnecessary rhetoric and premature argument of the underlying legal merits. But, when analyzed properly, all of the Rule 42.1 factors favor transfer.

### A.   *Ducey v. Yellen* and *Arizona v. Yellen* involve functionally identical parties, easily meeting the test for "substantially similar" parties.

As to whether both *Ducey v. Yellen* and *Arizona v. Yellen* "involve substantially the same parties," the answer is almost axiomatic. LRCiv 42.1(a). As Defendants previously explained, the defendants in both cases—the Secretary of the Treasury, the Acting Inspector General of the Treasury Department, and the Treasury Department itself—are identical. Defs.' Mot. at 2. Plaintiff does not address this point at all, instead arguing that the *plaintiffs* in the two cases—the State of Arizona and the Governor of Arizona—supposedly have different interests. Pl.'s Opp'n at 5–6. Of course, even if that were true, the fact that three of the four parties are the same across both cases would easily satisfy this factor; the Rule speaks only of "*substantially* the same parties," not totally overlapping parties. LRCiv 42.1(a) (emphasis added).

Regardless, it makes no sense to say that the State of Arizona and the Governor of Arizona, suing in his official capacity, represent different interests: both are representing the sovereign interests of the State in how they spend Con-

gress's appropriated Rescue Plan funds. "[F]or all intents and purposes the governor's presence in the lawsuit means that the state is a party as well."[1] *Lac Courte Oreilles Band of Lake Superior Chippewa Indians of Wis. v. United States*, 2002 WL 32350046, at *1 (W.D. Wis. Nov. 20, 2002). That's why courts treat state officials as equivalent to the State when sued in their official capacities. *Hafer v. Melo*, 502 U.S. 21, 25 (1991). And that's why this District finds "substantially similar parties" for purposes of Rule 42.1 where there are different named parties that all function as representatives of the same sovereign. *See Grand Canyon Skywalk Dev., LLC v. Sa Nyu Wa, Inc.*, 2012 WL 6101901, at *3 (D. Ariz. Nov. 21, 2012) (finding substantially the same parties, despite an additional twelve Tribal Council defendants in one case, because "the pleadings largely treat the council members as surrogates for the Tribe or Tribal Council"). If the State of Arizona (rather the Governor) brought this same case to vindicate its (mis)use of federal funds, would anyone contend that the Governor's official interests were not represented by the State? Surely not. After all, Plaintiff's lawsuit revolves around funds that Congress appropriated "to make payments to each of the 50 *States*," not each of the 50 gubernatorial offices. 42 U.S.C. § 802(b)(3)(A) (emphasis added). So both *Arizona v. Yellen* and *Ducey v. Yellen* have "substantially similar," if not functionally identical, parties.

### B. *Ducey v. Yellen* and *Arizona v. Yellen* arise from substantially the same event and involve substantially the same questions of law.

As Defendants previously explained, both cases stem from the Rescue Plan and involve similar legal issues, so they both "arise from substantially the same

---

[1] For the same reason, Plaintiff cannot distinguish *Arizona v. Yellen* on the grounds that "the State of Arizona's interests as a whole were being represented due to the fact that state sovereignty was at the forefront of that case." Pl.'s Opp'n at 6. Not only does this misunderstand official-capacity suits, but Judge Humetewa properly rejected the idea that Arizona's sovereign rights were injured. *Arizona v. Yellen*, 2021 WL 3089103, at *4 (D. Ariz. July 22, 2021).

transaction or event" and "call for determination of substantially the same questions of law." LRCiv 42.1(a).

Most prominently, "there was no administrative action by Treasury"—*i.e.*, the statutory-enforcement mechanism of recoupment—against the State in either *Arizona v. Yellen* or *Ducey v. Yellen*. *See* Pl.'s Opp'n at 8–9; 42 U.S.C. § 802(e) (specifying recoupment as the remedy for any misused funds, regardless of the reason for misuse). So there are substantially similar jurisdictional questions in both cases: whether the plaintiff can advance a pre-enforcement challenge to the Rescue Plan, or a regulation promulgated under the Rescue Plan, when Treasury has not yet initiated a recoupment action. Defendants would submit there is no jurisdiction here because, like *Arizona v. Yellen*, recoupment is far from certain. *See Arizona v. Yellen*, 2021 WL 3089103, at *5 (D. Ariz. July 22, 2021) (analyzing whether Arizona has demonstrated a substantial likelihood of enforcement). Indeed, Treasury's January 2022 letter to Arizona explained that the agency is "committed to working with recipients to take advantage of the many eligible uses and great flexibility available" for Rescue Plan funds, and it "may" pursue recoupment in the future or withhold future money if Arizona does not remediate its misuse of Rescue Plan funds. Compl. Ex. 6 at 2, ECF No. 1-7. Presumably, Plaintiffs would disagree about the Court's jurisdiction. *See* Pl.'s Opp'n at 8. But the only relevant issue on this transfer motion is whether the jurisdictional issues between *Arizona v. Yellen* and *Ducey v. Yellen* "call for determination of substantially the same questions of law." LRCiv 42.1(a). They do.

Given that both cases arise from the same event—that is, passage of the Rescue Plan—it is no surprise that other legal determinations are substantially similar. Both cases center around the interpretation of the permissible and impermissible uses of federal funds under 42 U.S.C. § 802(c) and Treasury's regulations promulgated thereunder. *See* 42 U.S.C. § 802(e). Both cases also implicate

the Spending Clause, including the purported requirement that funding conditions should be unambiguous. *Compare* Arizona Compl. ¶¶ 51–61, ECF No. 67-2 *with* Ducey Compl. ¶¶ 94–99, ECF No. 67-2. Judge Humetewa has already delved into that area of law and examined the relevant cases on that issue. *See Arizona v. Yellen*, 2021 WL 3089103, at *3–4.

To be sure, the legal claims are not identical across both cases. *See* Pl.'s Opp'n at 6–7. But that is hardly fatal to Defendants' transfer motion, as Rule 42.1 asks only whether there are "substantially the same questions of law." Between the threshold jurisdictional questions—which should resolve this case—and the legal landscape of the claims in both cases, that factor is satisfied.

### C. There would be a substantial duplication of labor, and a possibility of inconsistent rulings, if *Ducey v. Yellen* and *Arizona v. Yellen* are heard by different judges.

Finally, Defendants' motion should be granted to further judicial economy by avoiding duplication of labor and possible inconsistent rulings. Judge Humetewa is already familiar with the Rescue Plan's permissible and impermissible uses, Treasury's authority to promulgate regulations and seek recoupment under that statutory regime, and the relevant legal frameworks surrounding both the jurisdictional and merits issues here. *See Arizona v. Yellen*, 2021 WL 3089103, at *2–6. Plaintiff attempts to downplay Judge Humetewa's expertise, urging that "[b]ecause *Arizona v. Yellen* was dismissed in its early stages on standing grounds, the Court in that case did not address the merits of the State's Spending Clause or Tenth Amendment claims or interpret ARPA's text." Pl.'s Opp'n at 9.

Plaintiff is wrong. After receiving extensive briefing and argument on both jurisdiction and the merits, Judge Humetewa proceeded to final judgment. *Arizona v. Yellen*, 2021 WL 3089103, at *1; Fed. R. Civ. P. 65(a)(2). And although the Court properly found that *Arizona* lacked standing, Judge Humetewa reached that conclusion only after thoroughly examining the Rescue Plan's text and the

relevant Spending Clause precedents, including an extensive analysis of cases like *Pennhurst*, *Arlington Central*, *NFIB v. Sebelius*, and *Mayweathers*. *See Arizona v. Yellen*, 2021 WL 3089103, at *4–6. That is all work Judge Logan may need to duplicate if *Ducey v. Yellen* is not transferred to Judge Humetewa. *See Garcia v. Salvation Army*, 2015 WL 5646640, at *2 (D. Ariz. Sept. 25, 2015) (granting motion to transfer where the judge "ha[d] developed familiarity with the issues involved in the cases"). And having a different judge decide *Ducey v. Yellen* raises the specter of inconsistent rulings between the two cases, which also weighs in favor of transfer. *See Caron v. Caesars Ent. Corp.*, 2020 WL 1323105, at *2 (D. Ariz. Mar. 20, 2020) (granting motion to transfer where "transfer and consolidation will avoid the potential of inconsistent outcomes").

Plaintiff does not meaningfully engage with those points and fails to address Defendants' cited cases, instead resting on his argument that a transfer will not advance judicial economy because *Arizona v. Yellen* is on appeal. Pl.'s Opp'n at 9. There is little question that having two cases at the same stage of litigation may avoid *more* duplication of labor. But that says nothing about whether a substantial duplication of labor would be avoided by having the same judge decide two cases with functionally identical parties and substantially overlapping legal issues, despite differing stages of litigation. And it would. *See Garcia*, 2015 WL 5646640, at *2 (granting motion to transfer where the judge "ha[d] developed familiarity with the issues involved in the cases," even though the second case was filed nine months after the first). Plaintiff's cited cases are not to the contrary, as each of them involved cases at different stages of litigation that did not meet the other Rule 42.1 factors for a transfer. *See Cagle v. Ryan*, 2018 WL 2688775, at *2 (D. Ariz. June 5, 2018) (finding none of the transfer factors met, including because "only one of the several present case Defendants" was in both cases); *City of Phoenix v. First State Ins. Co.*, 2016 WL 4591906, at *20 (D. Ariz. Sept. 2, 2016) (detailing the "substantial differences" between the two cases); *Robert Kubicek Architects &*

*Assocs., Inc. v. Bosley*, 2012 WL 6554396, at *8 (D. Ariz. Dec. 14, 2012) (explaining, without analyzing the transfer factors, that "whether and to what extent [plaintiff] will have any claims against [other defendants] suitable for consolidation with this case depends on outcomes yet to be determined"). Because it would be a substantial duplication of labor for Judge Logan to decide *Ducey v. Yellen*, it should be transferred to Judge Humetewa.

DATED: February 22, 2022                Respectfully submitted,

                                                  BRIAN M. BOYNTON
                                                  Principal Deputy Assistant Attorney General

                                                  BRIAN D. NETTER
                                                  Deputy Assistant Attorney General

                                                  ALEXANDER K. HAAS
                                                  Director, Federal Programs Branch

                                                  BRIGHAM J. BOWEN
                                                  Assistant Director, Federal Programs Branch

                                                  <u>/s/ *Stephen Ehrlich*</u>
                                                  MICHAEL P. CLENDENEN
                                                  STEPHEN EHRLICH
                                                  Trial Attorneys
                                                  Civil Division, Federal Programs Branch
                                                  U.S. Department of Justice
                                                  1100 L Street, NW
                                                  Washington, DC 20005
                                                  Phone: (202) 305-9803
                                                  Email: stephen.ehrlich@usdoj.gov

                                                  *Counsel for Defendants*