WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| State of Arizona,  <br>  Plaintiff,  <br> v.  <br> Janet Yellen, et al.,  <br>  Defendants. | No. CV-21-00514-PHX-DJH  <br> **ORDER** |

Pending before the Court is Defendants' Motion to Transfer (Doc. 68). Plaintiff has filed a Response (Doc. 69), and Defendant filed a Reply (Doc. 70). For the following reasons, the Court denies the Motion.

**I.  Background**

In this action, Plaintiff, the State of Arizona ("Arizona"), challenged a provision within American Rescue Plan Act of 2021 ("ARPA"), which restricted how States could use federal funds intended to combat the Covid-19 pandemic (the "*Arizona* Matter"). Specifically, Arizona challenged 42 U.S.C. § 802(c)(2)(A), which states that recipients shall not use ARPA funds to "directly or indirectly offset a reduction in net tax revenue . . . ." (the "Offset Restriction"). If such an offset were found, Defendant United States Department of the Treasury could recoup the amount of funds that had violated the Restriction. 42 U.S.C. § 802(e). Arizona challenged § 802(c)(2)(A) on the grounds that the Offset Restriction was so ambiguous that it violated the spending clause. (Doc. 1). Arizona also argued that the Offset Restriction infringed on its state sovereign immunity.

(*Id.*)

For reasons explained in the Court's prior Order, Arizona lacked standing to pursue the case because it had not demonstrated a concrete injury. (Doc. 61). In part of its analysis, the Court had found there was no realistic danger that Defendants were seeking to recoup any of the ARPA funds under 42 U.S.C. § 802(e). (Doc. 61 at 7–8). The Court, therefore, dismissed this action for lack of subject matter jurisdiction. Plaintiff has since filed an appeal with the Ninth Circuit. (Doc. 63).

Now, Defendants, the United States Department of the Treasury (the "Treasury") and Treasury officials, seek to transfer the matter of *Ducey v. Yellen*, CV-22-00112-PHX-SPL (the "*Ducey* Matter"), to this Court under Local Rule 42.1. That matter, brought by Arizona governor Douglas Ducey ("Governor Ducey"), deals with the potential recoupment of ARPA funds for the alleged violation of 42 U.S.C. § 802(c)(1). As opposed to the Offset Restriction, § 802(c)(1) describes what types of expenditures are permissible, such as supporting essential workers, small businesses, and infrastructure, among other uses (the "Permitted Uses").

The dispute in the *Ducey* Matter concerns whether Arizona's use of ARPA funds in its "Plus-Up" program is permissible under the Permitted Uses. As alleged by Governor Ducey, Defendants, had argued that the Plus-Up program's use of ARPA funds was impermissible, because it uses the funds to provide tuition relief for families so long as schools do not enact a policy require face coverings. In the *Duce* Matter, Governor Ducey argues that this use of funds remains consistent with Permitted Uses, and he brings claims under the Administrative Procedure Act ("APA") challenging Defendants' contrary statutory interpretation. He also seeks judicial declarations that 42 U.S.C. § 802, as a whole, is unconstitutionally ambiguous and that Defendants have exceeded their power under the non-delegation doctrine.

**II.   Discussion**

The Local Rules provide that when two cases are pending before different judges, parties may transfer a case to a single judge provided that the cases: "(1) arise from

substantially the same transaction or event; (2) involve substantially the same parties or property; (3) involve the same patent, trademark, or copyright; (4) call for determination of substantially the same questions of law; or (5) for any other reason would entail substantial duplication of labor if heard by different Judges." LRCiv 42.1(a).

Governor Ducey first argues that Local Rule 42.1(a) cannot serve to consolidate the two matters because the original matter in this Court is no longer pending. (Doc. 69 at 2). District courts have a "large measure of discretion" when interpreting and applying their local rules. *Lance, Inc. v. Dewco Servs., Inc.*, 422 F.2d 778, 784 (9th Cir. 1970). When determining what "pending" means courts across the country have widely determined that this term includes cases pending on appeal. *Carrera v. First Am. Home Buyers Prot. Co.*, 2012 WL 13012698, at *3 (C.D. Cal. Jan. 24, 2012) (collecting cases); *Eikenberry v. Callahan*, 653 F.2d 632, 635 (D.C. Cir. 1981) ("The ordinary meaning of 'pending' includes cases pending on appeal."). Therefore, the Court finds that the *Arizona* Matter remains pending for purposes of Local Rule 42.1(a).

### a.  Similarity of Transaction or Event

There is no doubt that there are some similarities in both matters. Each involves the restrictions placed on the use of ARPA funds, and each seeks to declare the restrictions as unconstitutionally ambiguous. Governor Ducey argues that the *Ducey* Matter is different because it involves a challenge to administrative action that occurred after the events giving rise to the *Arizona* Matter. (Doc. 69 at 6). The Court finds this point persuasive. Although both matters dealt with the same underlying statute, the context out of the matters are factually distinct. The *Yellen* Matter dealt with a challenge to the Offset Restriction's bare language, whereas the *Ducey* Matter deals with Defendant's interpretation of the Permitted Uses and whether the Plus-Up program is a permitted use. Therefore, while these matters are related, the Court finds that they cannot be said to be substantially similar.

### b.  Similarity of the Parties

Next, the Court finds that the parties in both matters are substantially similar. Governor Ducey argues that the parties are not substantially similar because he was not a

party to the *Arizona* Matter. (Doc. 69 at 6). This is true, but the Defendants in both matters are the same and although Governor Ducey was not named in the *Arizona* Matter, he was certainly involved as the "official authorized to accept and expend funds received from the federal government or any agency thereof." (Doc. 1 at ¶ 11) (citing A.R.S. § 41-101.01). Therefore, because the only difference in the parties is that one Plaintiff is the state of Arizona and the other is Arizona's governor, the parties are substantially similar.

### c. Questions of Law

As to the questions of law, the Court finds the two matters present substantially different questions. The *Arizona* Matter challenged the Offset Restriction on its face, and the *Ducey* Matter challenges Defendants' interpretation of the Permitted Uses. The Court recognizes that the *Arizona* Matter was dismissed because the State of Arizona failed to demonstrate a concrete injury and that, now, the *Ducey* Matter faces a similar challenge from Defendants in a pending Motion to Dismiss. But this appears to be the only significant question that overlaps. The merits of each case, otherwise, depend on distinct legal issues.

### d. Potential Duplication of Labor

The Court's familiarity with ARPA's history, might save some time in the Court's evaluation of the issues in the *Ducey* Matter. But this background information is easily understood and would hardly pose a significant burden on any other court. Therefore, there is no potential for a significant duplication of labor.

### III. Conclusion

Overall, the Court finds that the similarities between the *Arizona* and *Ducey* matter do not warrant granting Defendants' Motion to Transfer.

…

…

…

…

…

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Motion to Transfer (Doc. 68) is **DENIED**.

Dated this 22nd day of April, 2022.

Honorable Diane J. Humetewa
United States District Judge